**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RAAD ABDUL-BAKI AL-ANI,

Petitioner,

v.

JOHN ASHCROFT, Attorney General;
IMMIGRATION &
NATURALIZATION SERVICE,

Respondents.

No. 02-9571
(INS No. A73-373-225)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Raad Abdul-Baki Al-Ani is a native and citizen of Iraq who entered the United States on a student visa in 1984. He petitions for review of the Board of Immigration Appeals (BIA) decision denying his motion to reopen his deportation proceedings. We deny the petition.

## I. Background

The Immigration and Naturalization Service (INS) initiated deportation proceedings against petitioner in 1995 after he overstayed his visa. Petitioner applied for suspension of deportation claiming he would suffer extreme hardship if he returned to Iraq. The immigration judge denied petitioner's request for suspension of deportation, finding petitioner's claim of extreme hardship was based solely on economic factors. Petitioner requested permission to voluntarily depart and selected Iraq as the country to which he wished to be returned. The BIA upheld the immigration judge's decision. Petitioner appealed to this court, but later dismissed his petition for review.

After the BIA's decision, but before dismissing his petition for review, petitioner filed a motion with the BIA seeking to reopen his deportation proceedings. In that motion, petitioner sought asylum, withholding of deportation, and protection under the United Nations Convention Against Torture

(CAT). [1] He claimed that because he failed to return to Iraq during the 1991 Gulf War and failed to re-pay his educational debt to Iraq, he would be perceived by Saddam Hussein and his regime as a traitor and would be presumed to have western beliefs and treasonous motives, and, therefore, would be subject to torture by that regime. The BIA denied petitioner's motion to reopen. Petitioner now seeks review of that BIA's decision.

## II. Jurisdiction and Standard of Review

Because the INS commenced removal proceedings against petitioner before the Illegal Immigration Reform and Immigrant Responsibility Act's (IIRIRA) April 1, 1997 effective date, and the order of deportation was entered after October 31, 1996, we have jurisdiction to review the BIA's decision under the pre-IIRIRA version of 8 U.S.C. § 1105a, as amended by the transitional rules. *See Mickeviciute v. INS*, 327 F.3d 1159, 1161-62 (10th Cir. 2003).

"We review the BIA's decision on a motion to reopen for an abuse of discretion." *Id*. at 1162. Courts also "review the denial of a request to reopen a case to request protection under CAT for an abuse of discretion." *Selimi v. Ashcroft*, 360 F.3d 736, 741 (7th Cir. 2004). "[M]otions to reopen are disfavored in deportation proceedings." *INS v. Abudu*, 485 U.S. 94, 107 (1988). An abuse of

---

[1] The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, implemented as Note to 8 U.S.C. § 1231. *See* 8 C.F.R. §§ 208.16, 208.17, and 208.18.

discretion may be found only when the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute,* 327 F.3d at 1162 (quotation omitted).

### III. Analysis

Petitioner contends that the BIA erred by (1) failing to evaluate properly his evidence of changed country circumstances, (2) failing to evaluate whether he established a prima facie case of political asylum and withholding of removal, and (3) failing to make an individualized determination with respect to his claim for relief under the CAT.

> The BIA may deny a motion to reopen on at least three independent grounds. First, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought. Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence, or, in an asylum application case, that the movant has not reasonably explained his failure to apply for asylum initially. Third, in cases in which the ultimate grant of relief is discretionary, the BIA may determine the movant would not be entitled to the discretionary grant of relief.

*Id.* (quotations and citations omitted); *see also* 8 C.F.R. § 1003.2(c).

The BIA denied petitioner's motion to reopen under the first two grounds. It found that petitioner could have raised his asylum and withholding of deportation arguments during his deportation hearing, and that he had not presented previously unavailable new evidence or evidence that the conditions

-4-

had changed to such an extent that reopening was warranted. The BIA also found that, although petitioner could not have previously raised his CAT claims, he had not made a prima facie case for this relief.

We have thoroughly reviewed the parties' briefs and the record. We find no abuse of discretion in the BIA's refusal to reopen based on the evidence presented by petitioner. The BIA's decision provides a rational and reasoned explanation for its decision, and does not depart from established policies. *See Mickeviciute,* 327 F.3d at 1162 (describing abuse of discretion standard). Petitioner never raised any of his asylum claims in any previous deportation proceedings and the record supports the BIA's conclusion that petitioner did not support his motion to reopen with previously unavailable new evidence or evidence that the conditions in Iraq had changed at the time of his motion to reopen to such an extent that reopening was warranted. This ground was a sufficient basis for the BIA to deny petitioner's asylum and withholding of deportation claims in the motion to reopen.

The record also supports the BIA's finding that petitioner did not establish a prima facie case for relief under the CAT. To establish entitlement to protection under the CAT, a petitioner must prove that "it is more likely than not that he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Petitioner presented no evidence that he or any member

-5-

of his family in Iraq was ever mistreated in Iraq or had ever belonged to any group that was subjected to persecution or torture in Iraq. We cannot conclude that the BIA abused its discretion. We also reject petitioner's claim that the BIA's order was so conclusory that it violated his due process rights. As noted, the BIA gave a specific and reasoned explanation for its decision. Moreover, we have recently held that the BIA's summary affirmance procedures do not violate principles of administrative law or due process. *See Hang Kannha Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004).

The petition for review is DENIED.

Entered for the Court

Robert H. Henry
Circuit Judge